Claude Daniel NICHOLS, Appellant,

v.

The STATE of Texas, State.

No. 2–92–486–CR.

Court of Appeals of Texas,
Fort Worth.

June 1, 1994.

Howard B. Law, Dallas, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Pamela A. Wells, Asst. Dist. Atty., Denton, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant Claude Daniel Nichols was convicted by a jury of the offense of driving while intoxicated. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–1 (Vernon Supp.1994). The jury assessed punishment at two years in jail probated for two years and a fine of $2,000. On appeal Nichols raises three points of error contending: (1) the evidence is insufficient to support the conviction; and (2)–(3) the trial judge erred in admitting into evidence testimony resulting from an unlawful search and seizure under the Texas Constitution and laws and the Fourth and Fourteenth Amendments of the United States Constitution.

We affirm.

In the early morning hours of July 2, 1989, Trooper Leo Bell observed a Jeep abandoned beside a road in Denton County, with its door open. Trooper Bell found Nichols lying on the ground about thirty feet from the Jeep in an intoxicated condition, and arrested him for DWI. Trooper Scott Houghten arrived shortly thereafter, and also observed Nichols in an intoxicated state. A gun, Nichols' drivers license, cocaine, and a locked box was found in the Jeep, which was towed away. Nichols was arrested for driving while intoxicated, possession of a controlled substance, and unlawful carrying of a weapon. A search warrant was issued for the locked box, and articles belonging to Nichols were discovered inside. A videotape of Nichols was made and

introduced into evidence. At trial, Debra Perryman testified that on July 2, 1989, she was at a party at a farm in Lake Dallas, Denton County, where she observed Nichols in an intoxicated state, and saw him driving erratically from the farm and onto the road where he and the Jeep were later found by Troopers Bell and Houghten. She further testified that she had seen the Jeep abandoned on the road shortly after Nichols drove it away from the farm. Ron Steele testified that he was also at the party with Nichols, that Nichols was not intoxicated, but neither was he "stone cold sober." Steele further testified that in his opinion Nichols never drove the Jeep, because Nichols "wasn't gone that long from me for any amount of time." Nichols testified that he had been drinking at the party but was not intoxicated, that he did not drive the Jeep, and did not know how his possessions got into the vehicle. He stated that he had been waiting at the gate of the farm for a ride, walked off into the field adjacent to the Jeep, and laid down.

■ In his first point of error Nichols contends that the evidence is insufficient to support the verdict and judgment of conviction. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g), *overruled on other grounds, Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Urbano v. State,* 837 S.W.2d 114, 115 (Tex.Crim.App.1992); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Urbano,* 837 S.W.2d at 115–16; *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991). The standard for review is the same for direct and circumstantial evidence cases. *Geesa,* 820 S.W.2d at 158–62.

■ Nichols argues that there was no testimony that he was seen driving the vehicle at the location where the vehicle was found, or that he owned or had the keys to the vehicle. Thus, Nichols contends that an essential element of the offense—operating a vehicle on a public street—was not proved, even circumstantially. We disagree. Debra Perryman testified that she knew Nichols, and was of the opinion that Nichols was intoxicated immediately before he drove away. She testified that "[h]e made it out of the gate and then sped over here into the gravel, spit up the gravel, finally got out of there; went down the driveway and down the road." About fifteen to twenty minutes after Nichols left, Perryman testified that she saw the Jeep that Nichols had driven abandoned on the road. The DPS officer found Nichols about thirty feet from the abandoned Jeep in an intoxicated condition. To rebut this testimony, Nichols offered the testimony of Ron Steele, who said that Nichols was not intoxicated, and did not drive the Jeep. The jury is the sole judge of the credibility of witnesses and may accept or reject any part or all of the testimony given at trial. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978). The jury was entitled to believe the testimony of Perryman, and to disbelieve the testimony of Steele. We hold that the jury could have found the essential elements of the offense of driving while intoxicated beyond a reasonable doubt after viewing this evidence. Point of error one is overruled.

In his second and third points of error, Nichols complains that the trial judge erred in admitting into evidence testimony about the contents of the box found in the vehicle Nichols is alleged to have driven, and thus violated Nichols' right to be free from unlawful search and seizure under the Texas Constitution and laws and the Fourth and Fourteenth Amendments of the United States Constitution. Nichols argues that there was no probable cause to support the issuance of the search warrant because the search warrant affidavit failed to specify the date and time when the facts contained in the affidavit occurred. The affidavit reads as follows:

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

1. There *is* in Denton County, Texas, a suspected place and premises described and located as follows: a tan box approximately 12″ × 12″ × 5″ which was located behind the driver's seat of a blue jeep bearing TX LP # 971BDX. *At the time the box was discovered* in the vehicle, the vehicle was blocking a private drive on Lakeview in Lake Dallas.

2. There *is* at said suspected place and premises personal property concealed and kept in violation of the laws of Texas and described as follows: possession of a controlled substance unlawful carrying of a weapon.

3. Said suspected place and premises *are* in charge of and controlled by . . . Claude Daniel Nichols, w/m, 03–02–59, TX DL # 11282131.

4. It *is* the belief of Affiant, and he hereby *charges and accuses,* that: Claude Nichols was in possession of a controlled substance, and unlawful carrying of a weapon, the suspect also drove while intoxicated.

5. Affiant *has* probable cause for said belief by reason of the following facts: I, Trooper Houghten, *was notified* of an accident and dispatched to Lake Dallas. *After my arrival* I discovered a blue jeep matching the description above parked on the side of the road with the driver door open and blocking a private drive. *I continued* on to the scene of the accident and talked with several subjects who claimed that Claude Nichols was driving in a reckless manner and had run down a fence, struck a vehicle, a trailer and then a horse with two riders. *After doing this* the subject supposedly *fled* up the street and *abandoned* the vehicle. *After talking* with the subjects *I went* up to the vehicle location. *Upon looking* in the vehicle I found a loaded .25 cal auto. *I retrieved* the weapon *and called* for a wrecker. *During my inventory* of the vehicle Trooper Leo Bell *came and assisted* me and *discovered* a plastic bottle which contained a $10 bill and a small bag containing a white powdery substance believed to be cocaine. *As we continued* to inventory the vehicle I found the box described above. I was unable to find any keys for it but upon shaking it heard that there were contents. *Shortly we discovered* the subject Claude Daniel Nichols laying in the field in some grass approx 30′ away. The subject was highly intoxicated. Another of the person in the party stated that they had seen the subject with the gun and knew he was on dr(ugs).

Wherefore, Affiant asks for issuance of a warrant that will authorize him to search said suspected place and premises for said personal property and seize the same and to arrest each said described and accused person. [Emphasis added.]

This affidavit was handwritten and signed in front of the magistrate on the same day that the offense occurred, and the warrant was issued at 2:00 p.m. that same day.

 A search warrant shall not issue unless it is based on probable cause. U.S. Const. amend. IV; TEX. CONST. art. I, § 9; TEX.CODE CRIM.PROC.ANN. art. 18.01(b) (Vernon Supp.1994); *Hughes v. State,* 843 S.W.2d 591, 593 (Tex.Crim.App.1992). Under both the 4th Amendment of the U.S. Constitution and section 9 of article I of the Texas Constitution, an affidavit is sufficient to establish probable cause if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527, 548

(1983); *Bower v. State*, 769 S.W.2d 887, 902 (Tex.Crim.App.), *cert. denied*, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991). Probable cause sufficient to support a search warrant exists if the facts contained within the four corners of the affidavit and the reasonable inferences drawn therefrom justify the magistrate's conclusion that the object of the search is probably on the premises at the time of issuance. *Cassias v. State*, 719 S.W.2d 585, 587–88 (Tex.Crim.App.1986). In determining whether a search warrant is based on probable cause, the affidavit is interpreted in a common sense, realistic manner; hypertechnical analysis should be avoided. *Gibbs v. State*, 819 S.W.2d 821, 830 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992). The magistrate's determination of probable cause is given great deference by the reviewing court. *Illinois*, 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546–47. Technical discrepancies in dates or times do not automatically invalidate a search warrant. *Green v. State*, 799 S.W.2d 756, 759 (Tex.Crim.App. 1990); *Lyons v. State*, 503 S.W.2d 254, 255–56 (Tex.Crim.App.1973). A warrant is not invalid merely because the officer failed to state the obvious. *Lagrone v. State*, 742 S.W.2d 659, 662 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 937, 108 S.Ct. 1115, 99 L.Ed.2d 276 (1988). The purpose of stating times when events occurred is to show the magistrate that the items are probably at the suspected location at the time the warrant issues. Thus, facts in the affidavit, other than times explicitly stated, may be reviewed. *Flores v. State*, 827 S.W.2d 416, 419 (Tex.App.—Corpus Christi 1992, pet. ref'd). The affiant's use of certain phrases, combined with the use of present verb tense can justify a magistrate's conclusion that the item to be searched is at the suspected place when warrant is issued. *Id.; Sutton v. State*, 419 S.W.2d 857, 861 (Tex.Crim.App.1967), *cert. denied*, 392 U.S. 911, 88 S.Ct. 2070, 20 L.Ed.2d 1369 (1968).

■ Here, the affiant informed the magistrate that the box was found in the Jeep as part of the contents itemized in the inventory. The inventory was done in conjunction with Nichols arrest. This implies that the jeep and its contents were seized by the officers at the time of the arrest. While it is true the affidavit does not state the times when the described events occurred, and does not explicitly state the present location of the box, the magistrate could have inferred from the facts contained in the affidavit and the use of present tense verbs stating the location of the box, that the Jeep and box were presently in possession of the officers. Because a controlled substance had already been found in the car, the magistrate had sufficient grounds to conclude there was probable cause to believe that the box contained evidence relevant to the possession offense. Viewing the affidavit under the "totality of the circumstances" standard, we hold that the magistrate was justified in issuing the search warrant. Points of error two and three are overruled.

The judgment of the trial court is affirmed.