In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00714-CR
____________

ULYSSES SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 900594




MEMORANDUM OPINIONA jury found appellant, Ulysses Smith, guilty of the felony offense of
possession of between four and 200 grams of cocaine with the intent to deliver, 
found two enhancements to be true, and assessed punishment at 75 years’
confinement. In three issues, appellant contends that (1) the trial court erred in
denying his request to suppress evidence obtained as a result of an allegedly invalid
search warrant, (2) the evidence was legally insufficient to support his conviction,
and (3) the evidence was factually insufficient to support his conviction. We affirm.Background
          On January 23, 2002, Officer Michael Burdick, an officer with the Houston
Police Department’s Narcotics Division, received a tip from a confidential informant 
that appellant was dealing cocaine out of his house. Before he obtained a search
warrant, Officer Burdick drove by appellant’s house twice, once with the confidential
informant, to verify the location of the house. 
          On January 24, 2002, Officer Burdick obtained a search warrant, and he
executed it the following day with the help of several other narcotics officers. 
Concerned about their safety, two officers knocked on appellant’s door and lured him
to a police car by telling him they needed him to identify someone. Meanwhile, other
officers and a drug-sniffing dog entered the home and secured the premises. No other
persons were found inside. 
          The dog alerted to the following four areas during the search: (1) clothing that
was lying on the floor, (2) the edge of the refrigerator in the kitchen, (3) the carpet in
the closet, and (4) the floorboard of appellant’s car. In the area of the kitchen where
the dog alerted, the officers found a pill bottle hidden inside a paper towel roll that
contained four grams of crack cocaine. They also found $1,999 cash hidden beneath
the carpet in appellant’s closet and one rock of crack cocaine inside appellant’s car. 
Motion to Suppress
          In his first issue, appellant contends that the trial court erred in denying his
motion to suppress evidence obtained as a result of an allegedly invalid search
warrant. We review a trial court’s ruling on a motion to suppress using a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).
First, we give almost total deference to a trial judge’s determination of historical facts
and application of the law to fact questions that turn on credibility and demeanor of
the witnesses. Id.; Martinez v. State, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d). Second, we review de novo application of the law to fact
questions that do not turn upon credibility and demeanor. Carmouche, 10 S.W.3d at
327.
          Because credibility is not an issue when reviewing the four corners of an
affidavit, we review the trial court’s ruling de novo. Wilson v. State, 98 S.W.3d 265,
270-71 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); Lane v. State, 971 S.W.2d
748, 752 (Tex. App.—Dallas 1998, pet. ref’d). In conducting this de novo review,
we give great deference to the magistrate’s decision to issue the warrant and
determine whether, considering the totality of the circumstances, the magistrate had
a substantial basis for determining that there was probable cause. Lane, 971 S.W.2d
at 752.
          Appellant argues that the search warrant was invalid because (1) the warrant
did not include the address of the house that was the subject of the search, and (2)
there was insufficient evidence of the basis for the confidential informant’s
knowledge. We address each argument in turn.
Street Address of the House
          Article 18.04, subsection two, of the Code of Criminal Procedure provides, in
relevant part, that a search warrant is sufficient if it “name[s] or describe[s], as near
as may be, the person, place, or thing to be searched.” Tex. Code Crim. Proc. Ann.
art. 18.04(2) (Vernon Supp. 2003). A search warrant must describe the target location
in sufficient detail that the officer can locate and distinguish it from other places in
the community. Smith v. State, 962 S.W.2d 178, 179 (Tex. App.—Houston [1st Dist.]
1998, pet. ref’d).
          The search warrant described the target residence as follows:
The residence [is] located in the 4600 block of Edmund,
Houston, Harris County, Texas. This one story, beige
wood-brown brick frames [sic] residence is located on the
south side of the street and faces to the north. No visible
numbers are on this residence which is located between a
small apartment building to the east, and a two story,
boarding house to the west. A side driveway is located to
the west, and a chain link fence borders the property. 
 
          This case is similar to Smith in four important respects: (1) the confidential
informant pointed out the house to an officer, (2) the officer was the affiant, (3) the
officer also executed the warrant, and (4) the search warrant was executed on the
proper house. Smith, 962 S.W.2d at 185. 
          We conclude that the description in the warrant, coupled with the knowledge
of the particular officer executing the search, adequately described the premises and
is sufficient to prevent the mistaken execution of the warrant against an innocent third
party. Id. 
The Confidential Informant’s Knowledge
          Appellant contends that the warrant was invalid because there was insufficient
evidence of the basis for the confidential informant’s knowledge. Specifically,
appellant contends that the warrant does not say when the informant was present at
the searched premises or what he saw while he was there. 
          With regard to the confidential informant’s knowledge, the affidavit states the
following:
Michael R. Burdick, . . . received information from a
confidential source that crack cocaine was being kept and
sold from a residence located in the 4600 block of
Edmund, Houston, Harris County, Texas. 
                              * * * * * *
The informant stated that a quantity of cocaine at several
grams on January 23rd, 2002 and in the possession of the
B/M suspect known only as, “Racehorse.” [Sic]. The
informant stated that this suspect was observed in the front
door of this residence conduct [sic] a sale of narcotics. The
informant delivered multiple rocks of crack cocaine to a
perspective buyer of this substance. 
                              * * * * * *
The informant is familiar with cocaine and can recognize
it from past experience. This informant has been at this
residence in the past 48 hours and has observed narcotics
trafficking occurring at that time.
 
          We conclude that appellant’s argument is without merit. The affidavit does say
when the confidential informant was present -“on January 23rd, 2002” and “in the
past 48 hours,” and it does say what the confidential informant saw —“observed
narcotics trafficking.” While it is true that the affidavit does not specify at what time
of day the narcotics trafficking was observed, under the facts in this case, this
omission is not fatal. Nichols v. State, 877 S.W.2d 494, 298 (Tex. App.—Fort Worth
1994, pet. ref’d) (holding that the purpose of stating the time when events occurred
is to show the magistrate that the items are probably at the suspected location at the
time the warrant issues).
          We hold that the trial court did not abuse its discretion in denying appellant’s
motion to suppress. 
          Accordingly, we overrule appellant’s first point of error. 
Sufficiency of the Evidence
          In his second and third points of error, appellant argues that the evidence is
legally and factually insufficient to support the finding that he knowingly possessed
a controlled substance. We review the legal sufficiency of the evidence by viewing
the evidence in the light most favorable to the verdict to determine whether a rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the
factual sufficiency of the evidence, we examine all the evidence in a neutral light and
ask whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. Id. at 563. In conducting
our analysis, we must avoid substituting our judgment for that of the fact-finder. Id.
          Affirmative Links
          To convict an accused of unlawful possession of a controlled substance, the
State must prove two elements: (1) that the accused exercised care, custody, control,
and management over the contraband; and (2) that the accused knew the matter was
contraband. Gilbert v. State, 874 S.W.2d 290, 297 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d); see also Tex. Health & Safety Code Ann. § 481.002(38) (Vernon
1992). Mere presence in a location where narcotics are possessed does not
necessarily establish possession; rather, evidence of knowledge of the contraband and
control over the contraband must affirmatively link the accused to the contraband. 
Gilbert, 874 S.W.2d at 297. 
          We have held that the following circumstances are evidence of affirmative
links: (1) presence when the search was executed; (2) contraband in plain view; (3)
proximity to and accessibility of the contraband; (4) accused under the influence of
contraband when arrested; (5) accused’s possession of other contraband when
arrested; (6) accused’s incriminating statements when arrested; (7) attempted flight;
(8) furtive gestures; (9) odor of the contraband; (10) presence of other contraband;
(11) accused’s right to possession of the place where contraband was found; and (12)
narcotics found in an enclosed place. State v. Derrow, 981 S.W.2d 776, 778 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d).
          The evidence shows that appellant had multiple affirmative links to the cocaine
in the pill bottle. First, appellant was present in the house when the search was
executed. Second, most of the cocaine was found in the kitchen of the house and,
therefore, was accessible to appellant. Third, cocaine was also found in appellant’s
car that was parked in the driveway. Fourth, the jury could have concluded that
appellant had a right to possess the house where the contraband was found because
(a) he was the only one there when the search was conducted, (b) men’s clothing in
a size that appeared to fit appellant was found in the house, and (c) a telephone bill
with appellant’s name and the address of the house searched was found in the house. 
Lastly, the cocaine was found in an enclosed place, i.e., in a pill bottle that was inside
a roll of paper towels.
          Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found, beyond a reasonable doubt, that appellant knowingly and
intentionally possessed more than four grams and less than 200 grams of cocaine. 
          Therefore, we overrule appellant’s second point of error.
          Finding the evidence legally sufficient, we proceed to appellant’s third point
of error, his factual sufficiency claim. In addition to the evidence that we considered
under the legal insufficiency point of error, we now consider the rest of the evidence. 
          Appellant argues that because the State cannot prove all of the factors that are
considered in an affirmative links analysis, the evidence was factually insufficient to
support the jury’s finding that he possessed the cocaine.


 The number of affirmative
links present is not as important as the logical force they have in establishing the
elements of the offense. Corpus v. State, 30 S.W.3d 35, 37-38 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d). We view the totality of the facts and circumstances. 
Sosa v. State, 845 S.W.2d 479, 483-84 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d).          
          We cannot say that the evidence showing that appellant possessed the cocaine
is so obviously weak or greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Therefore, we hold that the evidence is factually
sufficient.
          We overrule appellant’s third point of error.
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                        Adele Hedges
                                                                        Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2.