COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-06-140-CR

 

 

THOMAS A. CANTRELL                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                           MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Thomas A. Cantrell
appeals his conviction for driving while intoxicated.  In three points, appellant asserts that the
evidence is legally insufficient to establish that he was operating a vehicle,
that the trial court abused its discretion by permitting a police officer to
testify as an accident reconstruction expert, and that the trial court abused
its discretion by overruling his objection to questions posed by the prosecutor
that allegedly commented on appellant=s post-arrest silence.  We
affirm.  

Paramedic Mike Ackerson was
waiting for his order at a Sonic restaurant on South Cooper in Arlington when
he saw a man race by on his motorcycle. Ackerson described the man as a white,
older gentleman, who wore a black vest and no helmet.  Approximately ten minutes later, the two
paramedics were called to a motorcycle accident approximately two miles away at
a Wal-Mart parking lot.








When Ackerson arrived at the
scene of the accident, he saw appellant=s motorcycle on the ground. 
Ackerson described the motorcycle as a large Harley-Davidson type, not a
Japanese import.  Ackerson recognized
appellant as the same person he had seen earlier because he was wearing Athe same stuff [and was] the same guy.@  When the paramedics approached
appellant and asked if he was all right, Ackerson noticed a moderate to heavy
smell of alcohol on his breath. 
Appellant was very talkative, had slightly slurred speech, and,
according to Ackerson, appellant tried to convince the paramedics that he was
not hurt so they would not contact the police. During this discussion,
appellant admitted that he had consumed whiskey earlier in the day.  Based on the fact that he had glassy eyes,
was staggering, and was overly friendly with the paramedics, Ackerson concluded
that appellant was intoxicated.  

When the Arlington Police
arrived at the scene, appellant told them that he had not been drinking, but he
showed several signs of intoxication; he walked unsteadily, smelled of alcohol,
and leaned against the patrol car trying to steady himself.  Appellant=s motorcycle, confirmed by the officers to be a GXSR Hayabusa Suzuki,
was found standing upright at the scene. 
Appellant refused to perform field sobriety tests.  Once he was arrested, appellant resisted
being searched and, in doing so, swayed unsteadily, requiring the arresting
officer to hold him to keep him from falling on the ground.  

Appellant explained that on
the day of the accident, he was wearing a leather jacket and a helmet, and
while he was riding near Cooper Street in Arlington, his motorcycle started
dying.  Concerned about his motorcycle,
he turned into a Wal-Mart parking lot to check on it.  When he stopped, he failed to properly lock
the kickstand, which caused the motorcycle to fall on him.  As a result, he sustained injuries to his leg
and his helmet fell to the ground.  








Arlington Police Officer
Burson believed that appellant lost physical control of his motorcycle and
crashed it into the Wal-Mart parking lot because he was intoxicated.  Officer Burson based his opinion on the
investigation at the scene, appellant=s body type in relation to the size of the motorcycle, his thirty-four
years of experience in riding motorcycles, and discussions with witnesses,
ambulance personnel, and the investigating officer.

In his first point, appellant
contends that the evidence is legally insufficient to show he was the person
operating the motorcycle on the night in question. 

A person commits the offense
of DWI if he is intoxicated Awhile operating a motor vehicle in a public place.@[2]  The Texas Court of Criminal
Appeals has held that A[t]o find
operation under [the DWI] standard, the totality of the circumstances must
demonstrate that the defendant took action to affect the functioning of [the]
vehicle in a manner that would enable the vehicle=s use.@[3]








Applying the appropriate
standard of review to the evidence in this case,[4]
we hold that the evidence that Ackerson saw appellant driving a motorcycle at a
high rate of speed less than two miles from the Wal-Mart parking lot; that
Ackerson was called to the accident scene at the parking lot less than ten
minutes later where he found appellant with the motorcycle on the ground; that
Ackerson identified him as the same person he saw operating the motorcycle
earlier; that appellant admitted that he had driven his motorcycle to the
parking lot; and that no one other than appellant was in the vicinity of the
damaged motorcycle is legally sufficient to prove that appellant was operating
the motorcycle on the night in question.[5]  Therefore, we overrule appellant=s first point.

In his second point,
appellant asserts that the trial court abused its discretion by permitting
Officer Burson to testify that appellant=s intoxication was the cause of the motorcycle accident because the
officer was not qualified to testify as an expert in accident reconstruction. 








Assuming without deciding
that the trial court abused its discretion by admitting Officer Burson=s testimony that appellant=s intoxication was the cause of the motorcycle accident, we hold that
the admission of the testimony was harmless. 
Four witnesses, including Officer Burson, testified without objection
that appellant showed signs of intoxication or was intoxicated on the day in
question.  Whether the accident was
caused by his intoxication is immaterial. 
In light of this unobjected-to testimony, Officer Burson=s testimony about the cause of the motorcycle accident is harmless.[6]  We overrule appellant=s second point. 

In his third point, appellant
contends that the trial court abused its discretion by overruling his objection
to the prosecutor=s questions
that appellant contends constituted comments on his post-arrest silence. 

During Officer Burson=s testimony, the prosecutor asked him two questions:  whether appellant said anything at the scene Aabout injuries of any sort@ and whether appellant ever made Aany statements . . . about the condition of his bike while . . .
[Officer Burson was] on the scene.@ 

A comment on a defendant's
post‑arrest silence violates the Fifth Amendment prohibition against self‑incrimination.[7]  Such a comment is akin to a comment on his
failure to testify at trial because it attempts to raise an inference of guilt
arising from the invocation of a constitutional right.[8]









To determine if a prosecutor=s comment constitutes an impermissible reference to an accused=s failure to testify, we must consider whether the language used was
manifestly intended or was of such a character that the jury would naturally
and necessarily consider it to be a comment on the defendant=s failure to testify.[9]
The offending language must be viewed from the jury=s standpoint, and the implication that the comment referred to the
accused=s failure to testify must be clear.[10]
A mere indirect or implied allusion to the defendant=s failure to testify does not violate the accused=s right to remain silent.[11]








In this case, the prosecutor
inquired generally about appellant=s statements about the extent of his personal injuries or damages to
his motorcycle.  From the jury=s standpoint, these ambiguous statements could have taken place before
appellant=s arrest
during the investigatory phase.[12]  The jury had already heard witnesses from the
scene before appellant was arrested describe how appellant had denied being
hurt, refused sobriety tests, admitted consuming whiskey, and was generally
talkative when the paramedics arrived. 
Thus, we cannot say that it was clear that the comments in question
referred to the accused=s failure to
testify.[13]  Therefore, the trial court did not abuse its
discretion by admitting the complained-of testimony.  We overrule appellant=s third point.  

Having overruled appellant=s three points, we affirm the trial court=s judgment.  

PER CURIAM

PANEL
A:  CAYCE, C.J.; LIVINGSTON and MCCOY,
JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED: 
January 11, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. '
49.04(a) (Vernon 2003).





[3]Denton
v. State, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).





[4]Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out
the legal sufficiency standard of review).





[5]See
Nichols v. State, 877 S.W.2d 494, 496 (Tex. App.CFort
Worth 1994, pet. ref=d)
(holding the evidence sufficient where witness saw defendant driving tweny
minutes before defendant was found near car).





[6]See Tex. R. App. P. 44.2(b); Solomon v. State,
49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (stating that even when the trial
court abuses its discretion, an appellate court may reverse only where the
appellant=s
substantial rights have been affected).





[7]See
Doyle v. Ohio, 426 U.S. 610, 617‑18, 96 S. Ct. 2240,
2244‑45 (1976); Miranda v. Arizona, 384 U.S. 436, 468 n. 37, 86 S.
Ct. 1602, 1625 n. 37 (1966); see also Sanchez v. State, 707 S.W.2d 575,
579‑80 (Tex. Crim. App. 1986); Sutherlin v. State, 682 S.W.2d 546,
548 (Tex. Crim. App. 1984) (discussing applicable Texas law).





[8]See
Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App., cert.
Denied, 516 U.S. 832 (1995)).





[9]See Tex. Code Crim. Proc. Ann. art.
38.08 (Vernon 2006); Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim.
App. 2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999); Dotson v. State, 146 S.W.3d 285, 298
(Tex. App.CFort
Worth 2004, pet. ref=d). 





[10]See
Bustamante, 48 S.W.3d at 765; Swallow v. State, 829
S.W.2d 223, 225 (Tex. Crim. App. 1992); Dotson, 146 S.W.3d at 298. 





[11]See
Patrick v. State, 906 S.W.2d 481, 490‑91 (Tex. Crim. App.
1995), cert. denied, 517 U.S. 1106 (1996). 





[12]See
Dotson, 146 S.W.3d at 298 (holding that a prosecutor=s
ambiguous comments are not error). 





[13]See
Bustamante, 48 S.W.3d at 765; Swallow, 829 S.W.2d at
225; Dotson, 146 S.W.3d at 298.