02-09-267-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00267-CR

 


 
 
 JEFFREY SHANE WISE
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

------------

 

FROM THE 89TH
 DISTRICT COURT OF WICHITA
COUNTY

 

------------

 

OPINION

 

------------

I. 
Introduction

In two
points, Appellant Jeffrey Shane Wise appeals his convictions for four counts of
sexual assault, one count of indecency with a child, and eleven counts of
possession of child pornography.  We
affirm in part and reverse and render in part.

II.  Background Facts

          In the spring of 2007, when C.H. was
sixteen years old, she began working at a McDonald’s restaurant in Wichita
Falls.[1]  Wise, who was in his forties, was her
manager, and because she did not have a car and worked until late at night, he occasionally
gave her a ride home.  Wise and C.H.
began to talk on the phone.  One day, Wise
took C.H. to his house, where they engaged in sexual intercourse.  Wise and C.H. then had many other sexual
encounters at various places on later dates. 
Also, C.H. took pictures of herself naked on a digital camera and on Wise’s
cell phone and gave them to him.

          When the police learned about Wise’s
relationship with C.H., she agreed to let the police record a phone call from
her to Wise.[2]  During the call, C.H. told Wise that her
parents had discovered her relationship with him and wanted to talk to the
police.  She and Wise then talked about
some details of their sexual acts.

          Wichita Falls Police Detective Alan Killingsworth obtained an arrest warrant for Wise and a
search warrant for Wise’s house.  When
Detective Killingsworth executed the search warrant a
few days after he recorded Wise and C.H.’s phone call, he found Wise at the
house.  While other officers stayed at
the house, Detective Killingsworth arrested Wise and took
him to the police station, where he received admonishments about his
constitutional rights and gave a confession in an oral statement.[3]

          During the search of Wise’s house,
officers seized, among other items, a digital camera that contained a pornographic
image of C.H., pornographic DVDs, a laptop computer, a Gateway desktop computer
tower, phone cards, condoms, and a blindfold that Wise used during a sexual
encounter with C.H.  The police took
photographs of the inside of Wise’s house and took the laptop and Gateway tower
to a forensics computer lab.  Detective Killingsworth received a CD containing images that had been
copied from the Gateway tower.

          A Wichita County grand jury indicted Wise
for four counts of sexual assault of C.H. (counts one through four of the
indictment), eleven counts of possession of child pornography (count five,
based on a picture of C.H., and counts eight through seventeen, based on images
stored on the Gateway tower), and two counts of indecency with a child concerning
other complainants (counts six and seven).[4]  Wise filed a motion to suppress the evidence
that police found at his house, contending that the warrant was not supported
by an affidavit showing probable cause.  After
the trial court denied the motion, Wise pleaded not guilty to all counts. 

          The jury convicted Wise of committing
sixteen of the seventeen acts alleged in the indictment; it acquitted him of
count seven, which concerned an alleged sexual encounter in 1997.  The jury assessed Wise’s punishment, and the
trial court entered judgment on the verdict: 
counts one, two, and three—eighteen years’ confinement and a $10,000
fine for each count; count four and six—twenty years’ confinement and a $10,000
fine for each count; count five—eight years’ confinement and a $10,000 fine;
and for counts eight through seventeen—ten year’s confinement and a $10,000
fine for each count.  The trial court ordered
that each of Wise’s sentences run consecutively.  This appeal followed.

III.  Suppression

          In his first point, Wise argues that
the trial court erred by denying his motion to suppress, contending that the
facts recited in the search warrant affidavit “were insufficient from the
totality of the circumstances” to show probable cause for seizing the computers
at his house.

A. 
Standard of Review

          A search warrant cannot issue unless
it is based on probable cause as determined from the four corners of an
affidavit.  U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp.
2010) (“A sworn affidavit . . . establishing probable cause shall be filed in
every instance in which a search warrant is requested.”); Nichols v. State, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994,
pet. ref’d).  When
reviewing a magistrate’s decision to issue a warrant, we apply a highly
deferential standard in keeping with the constitutional preference for a
warrant.  Rodriguez v. State, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (“[E]ven in close cases we give great deference to a magistrate’s
determination of probable cause to encourage police officers to use the warrant
process rather than making a warrantless search and later attempting to justify
their actions by invoking some exception to the warrant requirement.”); Swearingen v. State, 143 S.W.3d 808, 810–11
(Tex. Crim. App. 2004); Emenhiser v. State, 196 S.W.3d 915, 924–25 (Tex.
App.—Fort Worth 2006, pet. ref’d).

          Under the Fourth Amendment and the
Texas constitution, an affidavit supporting a search warrant is sufficient if,
from the totality of the circumstances reflected in the affidavit, the
magistrate was provided with a substantial basis for concluding that probable
cause existed.  Swearingen, 143 S.W.3d at 810–11; Nichols, 877 S.W.2d at 497.  Probable
cause exists to issue an evidentiary search warrant if the affidavit shows
facts and circumstances to warrant a person of reasonable caution to believe
that the criteria set forth in article 18.01(c) of the code of criminal
procedure have been met.  Tolentino v. State, 638 S.W.2d 499, 501 (Tex.
Crim. App. [Panel Op.] 1982); see
Tex. Code Crim. Proc. Ann. art. 18.01(c).  The affidavit must set forth facts establishing
that (1) a specific offense has been committed, (2) the item to be seized
constitutes evidence of the offense or evidence that a particular person
committed the offense, and (3) the item is located at or on the person, place,
or thing to be searched.  See Tex. Code Crim. Proc.
Ann. art. 18.01(c); Tolentino, 638 S.W.2d
at 501.

          A reviewing court should not invalidate
a warrant by interpreting the affidavit in a hypertechnical
manner.  See Rodriguez, 232 S.W.3d
at 59; Tolentino,
638 S.W.2d at 501 (explaining that “[n]o magical
formula exists” for an affidavit’s explanation of probable cause); Nichols, 877 S.W.2d at 498.  Rather, when a court reviews an issuing
magistrate’s determination, the court should interpret the affidavit in a
commonsense and realistic manner, recognizing that the magistrate may draw
reasonable inferences.  See Rodriguez, 232 S.W.3d
at 61 (“When in doubt, we defer to all reasonable inferences that the
magistrate could have made.”); Davis v.
State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); Nichols, 877 S.W.2d at 498. 
“The issue is not whether there are other facts that could have, or even
should have, been included in the affidavit; we focus on the combined logical
force of facts that are in the affidavit, not those that are omitted from the
affidavit.”  Rodriguez, 232 S.W.3d at 62; see
Nichols, 877 S.W.2d at 498 (“A
warrant is not invalid merely because the officer failed to state the obvious.”).  The magistrate’s determination should prevail
in doubtful or marginal cases.  Flores v. State, 319
S.W.3d 697, 702 (Tex. Crim. App. 2010).

B.  Analysis

          Wise argues that Detective Killingsworth’s affidavit did not show that any evidence
related to the offenses against C.H. would be found on the computers that the
police seized from his house.  The
affidavit states in relevant part,[5]

1.  There is in Wichita County, Texas a suspected
place and premises. . . . 

 

2.  Said suspected place and premises are in
charge of and controlled by . . . Jeffrey Shane Wise. . . . 

 

3.  It is the belief of the Affiant that a
specific criminal offense has been committed, and he hereby charges and accuses
that: Jeffrey Shane Wise did intentionally and knowingly commit the offense of
sexual assault of a child. . . .

 

4.  There is at said suspected place and
premises, property and items concealed and kept, constituting evidence of said
offense . . . , described as follows: a) Computers. . . . 

 

.
. . . 

 

Affiant has probable cause
for said belief by reason of the following facts: . . . .    

 

On 03-01-08 a sexual
assault report was filed with the WFPD alleging that Jeffery Shane Wise, a 41
year old male, had engaged in sexual intercourse with a 16 year old female.

 

On 03-03-08 during a
recorded statement the victim disclosed information consistent with the offense
of sexual assault of a child. . . . 

 

The victim advised that
Wise requested on several occasions that she provide him with pictures of
herself unclothed.  The victim said while
working at McDonald’s she took pictures of her breasts and vagina with Wise’s
Motorola cellular phone in the bathroom. 
She said each time this was done she would give the phone back to Wise
after taking the pictures.  The victim
said at some point Wise provided her with a digital camera.  The victim said this was possibly a Kodak
digital camera. . . . The victim said she took three pictures of herself
unclothed at her house with this camera. 
She said after taking these pictures she gave the camera back to
Wise.  The victim said Wise later advised
her that he had saved these pictures on a memory card.  The victim advised that Wise does have a desk
top computer in his residence.  She said
she does not know if he saved these pictures on this computer or on some other
storage device.  The victim advised that
during the time period she was talking to Wise she does not believe he was
connected to the internet, however there was an
occasion when he became [so] mad at her that he threatened to post the above
pictures of her on the internet.  The
victim also advised that Wise had a lap top computer.  However she said that Wise told her that this
lap top did not work and that he needed to buy a part for it.

 

Wherefore, based on the . .
. information noted in this document, Affiant asks for the issuance of a
warrant that will authorize him to search said suspected place and premises for
said personal property and seize the same. 


 

          Contrary to Wise’s argument, we have
held that a search warrant affidavit was sufficient to justify the seizure of a
computer from a defendant’s residence when the affidavit stated that the
defendant had sex with an underage girl, told the girl that he had photos and a
video of their sexual encounter, and threatened to put the photos “on the
internet and show them to some people.”  State v. Duncan, 72
S.W.3d 803, 804–08 (Tex. App.—Fort Worth 2002, pet. ref’d).  Likewise, the First Court of Appeals recently
overruled a defendant’s challenge to the denial of a motion to suppress
evidence of child pornography discovered on computers seized from his
home.  See Eubanks v. State, 326 S.W.3d 231, 246–49 (Tex. App.—Houston
[14th Dist.] 2010, pet. ref’d).  In Eubanks,
the detective who drafted the search warrant affidavit stated that he had
probable cause to seize computer hardware because sexual assault victims had
told someone that the defendant had assaulted them and had “made them pose for
pictures in which they were sometimes partially or totally nude.”  Id. at 247.  The
detective then wrote that he “talked with League City evidence officer Thomas
Garland and he advised that on a digital camera, even if the image has been
deleted, if it was saved to the sim card or hard
drive, then the deleted image would be recoverable.”  Id.  The detective concluded his statement of
probable cause, averring:

Your affiant believes that
the foregoing facts establish probable cause that the offenses of sexual
assault were committed on or before October 11th, 2006, in Galveston County,
Texas; that pictures, video and DVD’s, computers and related computer equipment
and storage devices, cameras and video recording devices if found in the
premises described above, constitute[] evidence of
said offense; and that the evidence to be searched for is likely to be located
in said premises.

 

Id. 
The court held that although these facts did not establish that the
defendant had a computer or digital pornographic images, they were sufficient
to establish probable cause for the seizure of the defendant’s computer.  Id. at 248.  The court
reasoned,

[t]he affidavit was
supported by the complainants’ allegations that appellant touched them
inappropriately and they posed for inappropriate photographs.  Although
neither complainant specifically mentioned the use of a digital camera or a
computer, it was reasonable for the magistrate to infer from the information in
the affidavit that the complainants were photographed and that a digital camera
and computer could have been used in the process of taking inappropriate
photographs of the girls and could probably be found on the premises to be
searched.  Furthermore, all of the
information in the affidavit indicated that all of the assaults and pictures of
the girls engaged in sexual conduct were taken at appellant’s residence and
that [one of the complainants] saw appellant hide some of the pictures in his
bedroom.  Thus, it was likewise
reasonable for the magistrate to conclude that any items like photographs,
computer equipment, or cameras used in the commission of the offenses [were]
located in appellant’s home.

 

Id. (emphasis added and citations
omitted).

          This case is factually similar to Duncan, and the facts here more strongly
support probable cause for seizing Wise’s computers than those in Eubanks. 
Here, after the affidavit recited details about Wise’s sexual assaults
of C.H., it explained that Wise had digital pictures of C.H. on two devices,
that he had saved some of those pictures on a memory card, that he had a desktop
computer in his house, and that he threatened to post the pictures of C.H. on
the internet, which would likely have required the photos to be stored or
transferred to a computer.

          We conclude that a magistrate could
reasonably conclude from these facts that the police had probable cause to
believe that pictures of C.H. were located on Wise’s computers.  See
Rodriquez, 232 S.W.3d at 60 (stating that probable cause is a “flexible and
nondemanding” standard and that it exists when “there
is a ‘fair probability’ that contraband or evidence of a crime will be found at
the specified location”); see also McKissick v. State, 209 S.W.3d 205, 212 (Tex.
App.—Houston [1st Dist.] 2006, pet. ref’d) (holding
that an affidavit was sufficient to show probable cause for searching a
defendant’s computer when the affidavit said that the defendant had taken
inappropriate photographs of young females and that he had previously
downloaded similar pictures onto his home computer); Porath v. State, 148 S.W.3d 402, 408–09 (Tex. App.—Houston [14th Dist.]
2004, no pet.) (concluding that a search warrant
affidavit was sufficient to allow seizure of the defendant’s personal computer
when the affidavit outlined the defendant’s sexually-oriented communications
with an underage boy over the internet). 
Therefore, we hold that the trial court did not err by denying Wise’s
motion to suppress, and we overrule his first point.

IV.  Evidentiary Sufficiency

          In his second point, Wise contends
that the evidence is insufficient to support the jury’s verdict for possession
of child pornography stored on the Gateway tower as alleged in counts eight
through seventeen of the indictment.[6]  Wise concedes in his appellate brief that the
images taken from the tower constitute child pornography.  However, he argues that the State failed to
prove that he intentionally or knowingly possessed the images.

A.  Standard
of Review

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).[7]  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d
at 778.

The trier
of fact is the sole judge of the weight and credibility of the evidence.  See Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d
564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing an
evidentiary sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the factfinder.  Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007). 
Instead, we Adetermine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.@  Hooper v. State, 214
S.W.3d 9, 16–17 (Tex. Crim. App. 2007). 
We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.  The standard of review is the same for direct
and circumstantial evidence cases; circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor.  Clayton, 235 S.W.3d
at 778; Hooper, 214 S.W.3d at 13. 
In determining the sufficiency of the evidence to show an appellant=s intent,
and faced with a record that supports conflicting inferences, we Amust
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflict in favor of the prosecution, and must defer
to that resolution.@ 
Matson v. State, 819 S.W.2d 839, 846 (Tex.
Crim. App. 1991).  If an appellate
court finds the evidence insufficient under this standard it must reverse the
judgment and enter an order of acquittal. 
Woodard v. State,
No. 01-09-00133-CR, No. 01-09-00134, 2010 WL 5093848, at *3 (Tex. App.—Houston
[1st Dist.] Dec. 9, 2010, no pet. h.).

B.  Applicable
Law

A person
acts intentionally with respect to the nature of the conduct when the person
has a conscious objective or desire to engage in the conduct; a person acts
knowingly when he is aware of the nature of his conduct.  Tex. Penal Code Ann.
§ 6.03(a), (b) (Vernon 2003). 
Possession means actual care, custody, control, or management of the
thing possessed.  Id. § 1.07(a)(39) (Vernon Supp.
2010); Liggens v. State, 50 S.W.3d 657, 659 (Tex.
App.—Fort Worth 2001, pet ref’d).  Proof of a culpable mental state almost
invariably depends upon circumstantial evidence.  Krause
v. State, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d); see also Hernandez v. State, 819 S.W.2d 806, 810
(Tex. Crim. App. 1991), cert. denied,
504 U.S. 974 (1992).

C.  Evidence

At trial, Amy
Trippel, the digital forensics examiner who searched
the Gateway tower, testified that she was asked to look for evidence of
“pornography and chat logs and [that the police] were specifically looking for
pictures of [C.H.].”  Trippel
found ten child pornography images in the computer’s free space, which is
unallocated space that is marked as available for use.  Trippel indicated
that files go into the free space upon deletion; she described free space as
being

like a card catalog in a – in a
library.  If I take the card out of the
card catalog and throw it away, the library book is still there, but I just
don’t know where to go get it.  And
that’s the same concept.  If I delete a
file, the file is still there, the operating system just doesn’t know where to
get it.

 

Trippel explained that there was no way to know where the
image files came from, how they were placed on the computer (for example,
whether they were viewed intentionally or popped up automatically while a user
was looking at another website), or when they were created, modified, or
viewed.  Trippel
indicated that the Gateway tower contained various viruses and that some
viruses could make it possible for pornography to be stored on a computer
without the user’s knowledge; that anyone using a virus to place the images in
free space would not be able to access them; that files placed into free space remain
there until they are written over by other files; and that when a cached
temporary internet file is deleted, it goes into free space, at which time a
forensic examiner cannot tell when the file was viewed.  Wise’s brother testified that Wise
purchased the computer at a flea market in August 2006.

D.  Analysis

          Wise
argues that the evidence is insufficient because the images in question were
stored in free space “and the [S]tate
failed to show that he had ever seen them or had any access to them.”  To support his argument, Wise distinguishes
this court’s previous decision affirming possession of child pornography when
images were found in the free space on the defendant’s computer.  See Perry
v. State, No. 02-06-00378-CR, 2008 WL 3877303, at *1–4 (Tex. App.—Fort Worth
Aug. 21, 2008, pet. ref’d) (mem.
op., not designated for publication).  We
agree that Perry is factually
distinct from the present case.  In Perry, Perry affirmatively uploaded
pornographic images of children onto the internet, his computer did not harbor
any viruses that could covertly place images on Perry’s computer, and there was
no evidence that the computer was purchased second-hand, leaving little doubt
that Perry accessed and then deleted the pornographic images of children found
in his computer’s free space.  Id. at *1, 3, 5.

Here, the
uncontroverted testimony that Wise bought the computer second-hand at a flea
market and the State’s own expert witness’s testimony admitting that the computer
contained viruses capable of covertly placing images on the computer; that Wise
could not access the images; and that it was impossible to determine when the
images were placed on to, accessed, or deleted from, the computer, do not meet
the State’s burden to prove beyond a reasonable doubt that Wise knowingly or
intentionally possessed the images.  See Lancaster v. State,
319 S.W.3d 168, 173 (Tex. App.—Waco 2010, pet. ref’d).
 We conclude that this evidence, even
when viewed in the light most favorable to the verdict, could not lead a
rational jury to find that Wise intentionally or knowingly possessed the child
pornography images found in the free space of his computer.  See U.S.
v. Kain, 589 F.3d 945,
949 (8th Cir. 2009) (“The presence of
Trojan viruses and the location of child pornography in inaccessible internet
and orphan files can raise serious issues of inadvertent or unknowing
possession.”).  Thus, we hold that the evidence is
insufficient to support Wise’s convictions in counts eight through seventeen of
the indictment, and we sustain Wise’s second point.

V.  Conclusion

          Having overruled Wise’s first point
and sustained his second point, we affirm the trial court’s judgment on counts
one through six and reverse the trial court’s judgment with respect to counts
eight through seventeen and render a judgment of acquittal on those counts.

 

                                                                             
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  LIVINGSTON, C.J.; 
 
 
 
 
 
 MCCOY and 
 
 
 
 
 
 MEIER, JJ.

 

LIVINGSTON,
C.J. filed a concurring and dissenting opinion.

 

PUBLISH

 

DELIVERED:  March 3, 2011


 
 
 
 
 
 
 
 
 
  

 

 

 










 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00267-CR

 


 
 
 JEFFREY SHANE WISE
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

------------

 

FROM THE 89TH
 DISTRICT COURT OF WICHITA COUNTY

 

------------

 

DISSENTING AND CONCURRING OPINION

 

------------

          Today, the majority holds that when
defendants possess illegal pornographic images on their computers but delete
them and send them to their hard drives’ free space before the police discover
them, the State cannot prove intentional or knowing possession of the
images.  Majority op. at 15–16.  Because the circumstantial evidence is
sufficient to support the jury’s determination to convict appellant for ten
counts of possession of child pornography, I dissent to the portions of the
majority’s opinion and judgment that acquit him of those charges.  I concur with the majority’s decision to
affirm appellant’s other convictions.

          The standard for evidentiary
sufficiency explained by Jackson v.
Virginia[8] and Clayton v. State[9] is
included but incorrectly applied in the majority’s opinion, so it bears
repeating here.  See Majority op. at 11–13.  The
relevant question in an evidentiary sufficiency review is whether, after
viewing the evidence in the light most favorable to the prosecution, “any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.”[10]  Clayton,
235 S.W.3d at 778.  Viewing the evidence
in the light most favorable to the verdict “means that the reviewing court is
required to defer to the jury’s credibility and weight determinations because
the jury is the sole judge of the
witnesses’ credibility and the weight to be given their testimony.”  Brooks
v. State, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).  One product of the jury’s lone role of assessing
witnesses’ credibility is that the jury “is free to believe or disbelieve the
testimony of any witness, to reconcile conflicts in the testimony, and to
accept or reject any or all of the evidence of either side.”  Bottenfield v. State,
77 S.W.3d 349, 355 (Tex. App.—Fort Worth 2002, pet. ref’d),
cert. denied, 539 U.S. 916
(2003).  The jury’s freedom to reject
testimony applies even when the testimony is uncontroverted.  Wilkerson
v. State, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994).

          The majority holds that the evidence
is insufficient to show that appellant intentionally or knowingly possessed the
illegal images found on his Gateway tower because

·       
the computer contained “viruses capable of covertly placing images”;

 

·       
appellant could not access the images he was convicted for; 

 

·       
the evidence did not show when the images were placed on, accessed, or
deleted from the computer; and

 

·       
appellant’s brother, Kerry, testified that appellant bought the computer
at a flea market.

 

Majority op. at 15–16.

 

          The majority mischaracterizes the
evidence about the viruses on appellant’s computer.  Amy Trippel, the
State’s digital forensic examiner, testified that the computer had several
viruses and then said that some viruses, hypothetically, are capable of
remotely accessing a computer and storing images on it.  Trippel did not say
that the viruses found on appellant’s computer served such a purpose.  She did explain, however, that the
probability of a malicious outsider using a virus to store child pornography in
the free space of another computer is low:

          [THE STATE:]  Okay. 
Hypothetically, let’s say a bad guy wants to store child porn on your
computer to view later on, okay?  And if
he put it in your free space, he would have no way of retrieving those images
of child porn to view because they’re not linked to a specific number, code or
other identifying number or code; is that correct?

          A.  Well, there would be no file allocation to --

          Q.  That’s correct?

          A.  -- to show where the pointer was to where
that file was.

          Q.  Okay. 
So if I’m a bad guy and I put porn on your computer, the last place I
would put it would be on your free space, because I couldn’t retrieve it to
view it?

          A.  I don’t see how you could.

Therefore,
the jury could have rationally rejected the notion that the illegal images were
placed on appellant’s computer through a virus.

          The jury could have also rationally
disbelieved Kerry’s second-hand testimony about appellant’s buying the Gateway
computer at a flea market.[11]  Kerry described appellant as his “hero” and
protector.  Furthermore, during the
State’s questioning, Kerry hesitated to condemn appellant’s sexual assault of a
girl who was about twenty-five years younger than appellant was.  Thus, the jury could have inferred that
Kerry’s testimony was biased.  Next, the
jury could have recognized that Kerry’s claim to have specific knowledge about
the Gateway computer seemed to be at odds with his unawareness about other
parts of appellant’s life, such as the name of appellant’s former wife, the
fact that appellant had sexually assaulted underage females, and information
about other computers that appellant owned.

          Even if believed, however, Kerry’s
testimony did not foreclose appellant’s possession of the images but only
presented the jury with a choice of who possessed them.  Likewise, the fact that Trippel
could not say when the images were placed on, accessed, or deleted from the
computer did not preclude appellant’s possession of them; Trippel’s
testimony only meant that there was no direct evidence that he did so.  But circumstantial evidence alone may be
sufficient to establish guilt.  Orr v. State, 306 S.W.3d 380, 395 (Tex.
App.—Fort Worth 2010, no pet.) (citing Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).  Thus, possession, intent, and knowledge may
be proved by circumstantial evidence.  See Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006); Guevara v. State,
152 S.W.3d 45, 50 (Tex. Crim. App. 2004); Richardson
v. State, 328 S.W.3d 61, 66–68 (Tex. App.—Fort Worth 2010, pet. ref’d).  In fact, proof
of a culpable mental state almost invariably depends upon circumstantial
evidence.  Krause v. State, 243 S.W.3d 95, 111–12 (Tex. App.—Houston [1st
Dist.] 2007, pet. ref’d) (holding that various items
of circumstantial evidence showed that the defendant intentionally or knowingly
possessed child pornography); cf. James
v. State, 264 S.W.3d 215, 221 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d) (holding that “circumstances [were] sufficient for
the jury to infer that appellant knowingly possessed the firearm that was found
near his feet”).

          The jury could infer appellant’s
intentional or knowing possession of the child pornography from the following
circumstantial evidence:

·       
the Gateway tower was found in appellant’s home, and the record does not
contain evidence that anyone other than appellant lived at the home or had
recently used that computer;

 

·       
the Gateway tower contained adult pornography and “child erotica,” which
Trippel described as legal pictures of children who
are either partially clothed or nude;

 

·       
the child erotica was located in the My Documents folder of the computer
within another folder named “childmodelsites.com”;

 

·       
the Gateway tower contained, as temporary internet files that were
viewed or created in 2007 or 2008 (after appellant’s alleged purchase of the
computer at a flea market), a file called youngpornandteensex
@youngzilla.com and another file relating to a “hickey preteen model”;

 

·       
appellant
admitted while giving his statement to police that he visited pornographic
websites and had seen pictures of “all different” ages of girls (but denied
that there were pictures of underage females);

 

·       
Trippel also found “child erotica or suspected child porn” on
a laptop computer, which apparently belonged to another person but was seized
from appellant’s house;

 

·       
appellant possessed other child pornography on a digital camera in his
home;

 

·       
the State substantiated appellant’s specific sexual interest in children
through testimony of sexual assault victims; and 

 

·       
the State showed appellant’s general interest in
pornography by proving that the police found pornographic DVDs at his house.

 

          The
majority’s opinion ignores these facts and seems to hold that because there was
no direct evidence that appellant possessed the illegal images and there were
alternate hypotheses to his possession of them, the State failed to meet its
burden.[12]  Majority op. at 15–16.  But a lack of direct evidence and the
existence of alternative hypotheses will be common features of many cases in
which illegal images have been deleted and reside in a computer’s free
space.  These features should not prevent
a conviction where a rational jury may nonetheless rely on circumstantial
evidence to find the elements of the crime beyond a reasonable doubt.  See
Clayton, 235 S.W.3d at 778; Orr,
306 S.W.3d at 395.

          I
would affirm the convictions in counts eight through seventeen of appellant’s
indictment; I dissent from the majority’s decision to reverse them.

 

          

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

 

PUBLISH

 

DELIVERED:  March 3, 2011











[1]To
protect C.H’s identity, we use her initials.





[2]C.H.
also drew a diagram of Wise’s house for the police and gave them a love letter
that Wise wrote to her; the letter was admitted into evidence at trial.





[3]Wise
told Detective Killingsworth that C.H.
came to his house and they had sex in his bedroom more than twice, that he and
C.H. performed oral sex on each other, that he used a dildo on her, and that he
anally penetrated her on two occasions.





[4]See Tex. Penal Code Ann. § 21.11(a) (Vernon Supp. 2010) (indecency with a child), §
22.011(a)(2) (Vernon Supp. 2010) (sexual assault of a child); § 43.26 (Vernon 2003) (possession or promotion of child
pornography).





[5]We
have changed the formatting of the text in the affidavit to make it more
readable.





[6]The
Gateway computer also
contained images of “child erotica,” which an officer described as legal but
flirtatious pictures of children wearing panties or a brassiere.





[7]Wise
challenges legal and factual sufficiency. 
But after Wise filed his brief, the court of criminal appeals held that
there is “no meaningful distinction between the . . . legal-sufficiency
standard and the . . . factual-sufficiency standard, and these two standards
have become indistinguishable.”  Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)
(overruling Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996)).  Thus, the Jackson standard is the “only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.  All other cases to the contrary . . . are
overruled.”  Id. at *14.  Accordingly, we apply the Jackson standard of review to Wise’s sufficiency complaints.





[8]443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).





[9]235
S.W.3d 772, 778 (Tex. Crim. App. 2007).





[10]Thus,
the State is not required to prove guilt beyond all doubt.  See Turro v. State,
950 S.W.2d 390, 397 (Tex. App.—Fort Worth 1997, pet. ref’d)
(op. on remand) (explaining that in a “circumstantial evidence case . . . , it
is unnecessary for the circumstances to exclude, to a moral certainty, every
other feasible hypothesis”).





[11]Kerry
did not claim to have witnessed the purchase; he said, “I’d stopped by
[appellant’s] house on my -- it was a week or so around my birthday, he took me
to get a hamburger.  He had gotten . . .
it from a flea market.”





[12]The
circumstantial evidence supporting intentional or knowing possession in this
case at least equals the evidence that we held to be sufficient to support a
conviction for possession of child pornography in Perry v. State, No. 02-06-00378-CR, 2008 WL 3877303, at *1–4 (Tex. App.—Fort Worth Aug.
21, 2008, pet. ref’d) (mem.
op., not designated for publication).  Perry established that intentional or
knowing possession of images is provable even when the images are stored in
free or unallocated space.  Id. at *3–4.