

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00342-CR

MARY CRAWFORD STANLEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

The trial court denied Appellant Mary Crawford Stanley's motion to suppress after it concluded that a police officer's affidavit requesting a warrant to obtain Stanley's blood sample established sufficient probable cause that she was driving while intoxicated. In one point, Stanley argues that the arresting officer's

---

[1]*See* Tex. R. App. P. 47.4.

search warrant affidavit failed to establish probable cause that Stanley was driving while intoxicated. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On the night of November 29, 2008, Stanley was involved in a collision with a car. Flower Mound Police Officer Thomas Cox responded to the accident, observed Stanley's appearance and behavior, performed three standardized field sobriety tests, and arrested Stanley for driving while intoxicated. Because Stanley refused to give a breath or blood specimen, the arresting officer completed an affidavit requesting a magistrate judge to issue a search warrant for Stanley's blood. In the early morning of November 30, 2008, the magistrate judge signed the search warrant, and Stanley's blood was drawn.

Stanley was subsequently charged by information with driving while intoxicated, and she moved to suppress the evidence obtained by the magistrate's search warrant, arguing that Officer Cox's affidavit lacked probable cause. At the hearing, the State entered the search warrant and affidavit into evidence, but neither party entered any other exhibit or testimony. The trial court denied Stanley's motion, and in August 2010, Stanley pleaded *nolo contendere* to driving while intoxicated. The trial court imposed a $600 fine and sentenced Stanley to 180 days in jail, probated for eighteen months. In accordance with her plea bargain, Stanley preserved her right to appeal the denial of her motion to suppress. This appeal followed.

2

### III. SUFFICIENCY OF AFFIDAVIT

In her only point, Stanley argues that Officer Cox's search warrant affidavit failed to establish probable cause that Stanley was driving while intoxicated.

During a DWI investigation, law enforcement may obtain a defendant's blood through a search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 18.01(j) (West Supp. 2010). Under the Fourth Amendment and the Texas constitution, a magistrate must find probable cause within the four corners of an affidavit in order to issue a search warrant. U.S. Const. amend. IV; Tex Const. art. I, § 9; Tex. Code. Crim. Proc Ann. art. 18.01(b); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref'd). When reviewing an affidavit's sufficiency and a magistrate's determination of probable cause, we limit our review to the totality of the circumstances within the four corners of the affidavit and defer to the magistrate's probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 S. Ct. 2547 (1980)); *Swearingen v. State*, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004); *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993)); *see also Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App.

3

2010). Probable cause is established if a person of reasonable caution would be warranted in believing that the affidavit includes facts and circumstances which meet the criteria in article 18.01(c) of the code of criminal procedure. *Hogan v. State*, 329 S.W.3d 90, 94 (Tex. App.—Fort Worth 2010, no pet.) (citing *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1982)); *see* Tex. Code. Crim. Proc. Ann. art. 18.01(c). The affidavit must set forth facts establishing (1) that a specific offense has been committed, (2) that the item to be seized constitutes evidence of that offense or evidence that a particular person committed that offense, and (3) that the item is located at or on the particular person, place, or thing to be searched. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c); *Tolentino*, 638 S.W.2d at 501; *Hogan*, 319 S.W.2d at 94.

Our highly "deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant," which mitigates possible "intrusion[s] upon" an individual's Fourth Amendment-protected interests. *Davis v. State*, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006). Thus, "'courts should not invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical . . . manner'" but should instead "interpret [affidavits] in a commonsense and realistic manner" and "*must* allow for any *reasonably available inferences*" drawn by a magistrate. *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331 (emphasis added) (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S. Ct. 741, 746 (1965)); *Davis*, 202 S.W.3d at 157–58;

4

*Hogan*, 329 S.W.3d at 94. Although a magistrate's "action cannot be a mere ratification of . . . bare conclusions" found in the affidavit, "'[t]he issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that *are* in the affidavit, not those that are omitted from the affidavit.'" *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333; *Hogan*, 329 S.W.3d at 94 (quoting *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007)).

Here, the affidavit states that (1) "[o]n or about the 29 day of November, 2008, [Stanley] . . . operate[d] a motor vehicle in a public place in Denton County, Texas while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . ."; (2) "human blood . . . constitutes evidence that [Stanley] committed the offense"; and (3) "[Stanley] has possession of and is concealing human blood." Officer Cox explained that he smelled a "slight" alcoholic odor on Stanley's breath and that he heard Stanley erroneously state that she was located in Lake Dallas. When Officer Cox asked if she had been drinking, Stanley responded that she "had one." According to Officer Cox, Stanley also stated prior to her arrest that she "would rather go to jail than let [her] [priest] father know the amount [that she] was drinking." Officer Cox's affidavit indicated that Stanley's balance was swayed and unsteady, her walking was staggered, her speech was slurred, her eyes were red and watering, and her attitude was cocky and uncooperative. In addition to these observations,

the affidavit included results from three different field sobriety tests—the horizontal gaze nystagmus (HGN) test, the walk and turn test, and the one leg stand test. Officer Cox observed five clues of intoxication when he performed the HGN test. He further noted that during the instruction phase of the walk and turn test, Stanley could not keep her balance, started too soon, and "almost fell." During the test's walking stage, Stanley "stopped on the ninth step" because, according to her, she "was cold." Officer Cox commented that Stanley "put [her] foot down more than three times" during the one leg stand test.

Stanley argues that her poor performance during the field sobriety tests and her geographical disorientation were attributable to trauma rather than intoxication and that in order for a magistrate to infer the opposite, he "must base the opinion on an officer [who is] clearly demonstrated to be trained and certified to make that call." Stanley challenges the officer's ability to "make that call," contending that "[t]he officer's affidavit fails to detail his training and experience which would lend a magistrate to rely on him." Stanley takes specific issue with the officer's ability to conduct the HGN test and argues that the only reference to the officer's training is a conclusory statement that invalidates the supporting affidavit.[2]

---

[2]Stanley argues that the following statement provides no explanation or affirmation that Officer Cox is trained to conduct HGN tests: "Based on all of the above and my experience and training, I determined that the suspect was intoxicated . . . ."

Although Stanley is correct that a magistrate cannot issue a search warrant based on conclusory statements alone, *see Gates*, 462 U.S. at 239, 103 S. Ct. at 2333, she incorrectly asserts that an affidavit *requires* some explanation to a magistrate of the officer's specific training and ability to interpret the observations and that an affidavit is fatally undermined by its failure to detail the officer's training and experience. *See Hogan*, 329 S.W.3d at 96 (holding that an affidavit's omission of an officer's detailed experience with DWI cases does not invalidate the affidavit's sufficiency). Moreover, while the "[b]est practice is for the affiant expressly to include an officer's experience, background information, and previous association with [intoxicated drivers and field sobriety tests] so that little is left to inference, . . . the law requires that we defer to a magistrate's reasonable, common sense conclusions." *Davis*, 202 S.W.3d at 157–58. Thus, we agree with the State that a magistrate may reasonably infer from the affidavit that Officer Cox was trained to administer and interpret all three field sobriety tests. The affidavit in this case states that Officer Cox is a peace officer employed by a law enforcement agency (the Flower Mound Police Department), that he has seen intoxicated persons on many occasions in the past, and that based on his training and experience, Stanley was intoxicated. The affidavit also states that Officer Cox recorded results and observations of Stanley's performance of the field sobriety tests, and it lists and identifies the various clues associated with the HGN test and outlines the phases of the walk and turn test.

Without reading additional facts into the affidavit, the magistrate could have reasonably concluded that Officer Cox's assertion that he observed five clues while performing the HGN test was based on his training and experience with intoxicated persons.

To the extent Stanley argues that equally conflicting inferences could be drawn from the affidavit (e.g., Stanley's trauma, instead of intoxication, accounts for her behavior), this does not destroy the affidavit's sufficiency. *See Rodriguez*, 232 S.W.3d at 64 ("It is not necessary to delve into all of the facts that were omitted by the affiant, facts that could have been included in the affidavit, or contrary inferences that could have been made by the magistrate."). Such conflicting inferences, as argued here, underscore this court's duty to defer to the magistrate's probable cause determination when supported by a substantial basis. *See Davis*, 202 S.W.3d at 157–58. Our decision is consistent with the desire to encourage future police officers to use the warrant process, which consequently helps preserve an individual's fundamental Fourth Amendment rights. *See id.* at 157.

Stanley also asks us to consider how the trial court's factual findings here compare to the factual findings of other cases, all of which established probable cause. *See State v. Dugas*, 296 S.W.3d 112 (Tex. App.—Houston [14th Dist.] 2009, pet ref'd); *Thurman v. State*, 861 S.W.2d 96 (Tex. App.—Hous. [1st Dist.] 1993, no pet.); *Martin v. State*, No. 02-08-00128-CR, 2009 WL 2414294 (Tex.

8

App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op., not designated for publication).  Apparently, Stanley seeks to distinguish her case from these cases by highlighting facts found in the above cases that are not found in her case.  For example, in *Martin*, the appellant fled the scene of an accident, was combative towards officers, and slurred his speech.  *Martin*, 2009 WL 2414294, at *3.  Stanley argues that she was neither combative nor uncooperative and that no evidence indicates that she slurred her speech or was slow to respond.  However, the officer noted in his affidavit that Stanley was both cocky and uncooperative and that her speech was slurred.  Not only does the affidavit foreclose Stanley's argument, her attempts to parse the language and somehow distinguish her case from other probable cause cases reflects a hypertechnical approach to reviewing affidavits, which is contrary to the law's approach.  *See Gates*, 462 U.S. at 236, 103 S. Ct. at 2331.  "No magical formula exists" for finding probable cause, and we base our decision on the totality of the circumstances within the affidavit.  *See Tolentino*, 638 S.W.2d at 501.

Accordingly, deferring to the magistrate's determination of probable cause, we hold that the affidavit in its entirety establishes sufficient facts, along with reasonable inferences from those facts, to provide the magistrate judge with a substantial basis for concluding that obtaining Stanley's blood would probably aid in proving that she committed the offense of driving while intoxicated.  We overrule Stanley's only point.

## IV. CONCLUSION

Having overruled Stanley's sole point, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 28, 2011