COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAVIER NAVA, | § | No. 08-11-00127-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 371st District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1205243D) |
| | § | |

**O P I N I O N**

Javier Nava appeals his conviction for the offense of driving while intoxicated (DWI), a third-degree felony. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Police Officer for the City of Fort Worth, R. Del Rio, executed a sworn affidavit in support of a search warrant for blood on July 3, 2010, in which he stated that he had good reason to believe that on or about July 2, 2010, Appellant committed the offense of operating a motor vehicle while intoxicated and that the blood from Appellant would constitute evidence of the commission of the offense. In his affidavit, Officer Del Rio stated:

> On Friday, July 02, 2010 at approximately 23:05 hrs, I Officer R. Del Rio #3689, working T315 observed IMP VEH (1993 Blk Chev PK TX AJ15663) traveling S/B at 3600 Hemphill St without its headlamps activated. Officer J. Bickley, working J315 also observed the IMP VEH traveling without its headlamps activated. I then observed IMP VEH fail to signal a left lane change from the right lane to the left lane. IMP VEH had a defective rear license plate light. I observed ARR (Arrested Person) Nava, Javier as the driver of the IMP VEH.
>
> Field sobriety evaluation:
> Horizontal Gaze Nystagmus (HGN) = 4 of 6
> Walk and Turn (WAT) = 2 of 8 clues
> One Leg Stand (OLS) = 2 of 4 clues
>
> ARR-Nava refused to give a specimen of his breath. ARR has one prior

conviction for Driving While Intoxicated (08/31/2000)-Fort Worth-cause number 0756998000.

On July 3, 2010, based upon Officer Del Rio's affidavit, a Tarrant County magistrate issued a warrant for Appellant's blood and Officer Del Rio took Appellant to have a medical professional draw a sample of Appellant's blood.[1] Appellant was subsequently charged with DWI. He filed a pretrial motion to suppress the blood evidence, alleging that the affidavit supporting the search warrant was wholly insufficient and failed to provide adequate probable cause. At the suppression hearing, the evidence consisted solely of Del Rio's affidavit and the blood-draw search warrant. The trial court denied Appellant's suppression motion stating that while the facts presented in the affidavit and the search warrant "are very close to insufficient, they are sufficient enough for probable cause, which is the standard." Appellant subsequently pleaded guilty to the charged offense, the trial court sentenced Appellant to ten years' imprisonment, but suspended the sentence and placed him on community supervision for a period of ten years. This appeal followed.

## DISCUSSION

### The Denial of Appellant's Motion to Suppress

In a single issue on appeal, Appellant argues that the trial court erred by denying his motion to suppress because the search warrant affidavit was legally and factually insufficient to establish probable cause to justify the issuance of a valid search warrant under the Fourth Amendment of the United States Constitution, Article I, Section 9 of the Texas Constitution, and Article 18.01(b)-(c) of the Texas Code of Criminal Procedure.[2]

---

[1] The record does not show that the results of Appellant's blood test were ever presented as evidence.

[2] Appellant does not explain how or provide authority to establish that his protection under the Texas Constitution

2

*Standard of Review*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application of law to fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law to fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). We also review a trial court's application of the law of search and seizure *de novo*. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). But, on appeal, review of an affidavit supporting a search warrant is not *de novo* as we give great deference to the magistrate's probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 236-37, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007) (in accordance with the constitutional preference for a warrant, a highly deferential standard is applied on appellate review of the magistrate's decision to issue a warrant). As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's determination. *Gates*, 462 U.S. at 236.

*Applicable Law*

## Probable Cause

The drawing of a blood sample is a search and seizure within the meaning of the United States and Texas Constitutions. *State v. Dugas*, 296 S.W.3d 112, 117-18 (Tex. App. – Houston

---

exceeds or differs from that provided under the United States Constitution thus, we consider his arguments together. *See Hogan v. State*, 329 S.W.3d 90, 93 n.5 (Tex. App. – Fort Worth 2010, no pet.) (citing *Arnold v. State,* 873 S.W.2d 27, 33 & n.4 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 830, 115 S.Ct. 103, 130 L.Ed.2d 51 (1994); *Garcia v. State*, 239 S.W.3d 862, 868 n.3 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd), *cert. denied*, --- U.S. ----, 129 S.Ct. 505, 172 L.Ed.2d 371 (2008)).

3

[14th Dist.] 2009, pet. ref'd).   Therefore, a search warrant must issue before a blood sample can be drawn.   *Id*.   No search warrant may issue without probable cause.   U.S. CONST. AMEND. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2012). A sworn affidavit must set forth sufficient facts to establish probable cause that:   (1) a specific offense has been committed; (2) the specifically described property or items to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense; and (3) that the property or items constituting evidence are located at or on the particular person, place, or thing to be searched.   TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (West Supp. 2012).   Under the U.S. and Texas Constitutions, an affidavit in support of a search warrant will be found sufficient if, considering the totality of the circumstances shown in the affidavit, the magistrate had a substantial basis for determining that probable cause existed.   *Swearingen v. State*, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App. – Fort Worth 1994, pet. ref'd).   Probable cause exists if, under the totality of the circumstances presented to the magistrate in the supporting affidavit, there is a "fair probability" or "substantial chance" that contraband or evidence will be found at the identified location.   *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (*quoting Gates*, 462 U.S. at 238, 245 n.13).

The magistrate's sole concern should be probability when making a probable cause determination as the magistrate is not bound by the standards of proof such as beyond a reasonable doubt or a preponderance of the evidence.   *Rodriguez*, 232 S.W.3d at 60.   The standard in determining whether an affidavit established probable cause is flexible and nondemanding.   *Id*. A trial court's review of a magistrate's probable cause determination supporting the issuance of a search warrant is constrained to the four corners of the affidavit.   *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004).   The trial court should review the affidavit in a common sense

4

and realistic manner instead of a hypertechnical one and can make reasonable inferences from the information contained within the affidavit. *Rodriguez*, 232 S.W.3d at 59, 61; *see also Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006) (affidavit must be read with common sense and in a realistic manner). In cases of doubt, we must defer to all reasonable inferences that the magistrate could have made. *Rodriguez*, 232 S.W.3d at 61.

*Analysis*

According to Appellant, the affidavit for the blood-draw search warrant was insufficient to establish probable cause because: (1) the affidavit containing the officer's observations of Appellant's driving does not rise to the level of probable cause for DWI; (2) there was no information in the affidavit explaining what Appellant's scores on the field sobriety evaluation mean and there was no indication as to whether Appellant passed or failed the evaluation thus, the affidavit was incapable of showing probable cause without requiring the magistrate to read material into the affidavit; and (3) the affidavit fails to allege a single fact to support Officer Del Rio's belief that Appellant's blood would contain evidence.

It is undisputed that Appellant was pulled over for traffic violations including driving without headlights, failing to signal a lane change, and having a defective rear license plate light. Therefore, there was probable cause to stop Appellant. *Anderson v. State*, 701 S.W.2d 868, 873 (Tex. Crim. App. 1985) (an officer who stops a vehicle driving without headlights did so with probable cause because the act is a violation of Texas statute). While the traffic violations alone are not sufficient to establish probable cause for a DWI offense, we look to the totality of the circumstances in determining whether probable cause exists. *Gates*, 462 U.S. at 283.

Here, the affidavit states that Appellant refused to give a breath specimen. The magistrate could have inferred that Appellant had committed a DWI offense from his refusal to submit a

5

breath test. *Stovall v. State*, --- S.W.3d ----, 2011 WL 5865235, at *7 n.7 (Tex. App. – Austin Nov. 23, 2011, no pet.). The affidavit also includes a recitation of the scores of Appellant's field sobriety evaluation and while it does not provide an explanation of those scores or a statement from Officer Del Rio as to whether Appellant failed the evaluation, no further explanation was required. *See Hogan*, 329 S.W.3d at 96-97; *Gravitt v. State*, 2011 WL 5178337, at *3 (Tex. App. – Dallas Nov. 02, 2011, pet. ref'd) (affidavit is not rendered inadequate because it fails to detail officer's DWI training or experience or the results of standardized field sobriety tests).

Appellant also argues the affidavit is insufficient because it fails to show that he consumed alcohol or drugs, therefore the magistrate's conclusion that he committed a DWI offense would be a mere ratification of a bare conclusion. Appellant incorrectly asserts that an affidavit requires an explanation to the magistrate that Appellant consumed an intoxicant. *See Hughes v. State*, 334 S.W.3d 379, 387 (Tex. App. – Amarillo 2011, no pet.) (because a magistrate can draw logical inferences from an affidavit's facts, the affidavit does not have to state how blood draw would constitute evidence of DWI). It takes no great leap of faith or unknown intuitiveness to realize that a magistrate knows that the blood is being requested to test it for the presence of blood alcohol for use in a DWI prosecution. *Id*. Here, Officer Del Rio's affidavit shows that Appellant was suspected of a DWI offense, a field sobriety evaluation was conducted, and that Appellant refused to give a breath sample. Officer Del Rio's affidavit states that the property to be seized was blood, in Appellant's possession and control and sets forth Officer Del Rio's belief that it would constitute evidence of a DWI. Accordingly, the magistrate could have reasonably inferred from the facts within the four corners of the affidavit that the blood evidence being sought from Appellant would be tested for alcohol or other intoxicants as evidence that Appellant had committed a DWI offense. *See id*.

6

Although Del Rio's affidavit could have contained more factual observations, the magistrate was entitled to draw reasonable inferences from the affidavit and interpret it in a common sense and realistic manner. *Rodriguez*, 232 S.W.3d at 59, 61. Based on Officer Del Rio's observations of Appellant's driving, Appellant's noted refusal to submit a breath sample, and the officer's notes regarding the field sobriety evaluation set forth in the affidavit, together with reasonable inferences derived from those facts, and affording deference to the magistrate's probable cause determination, we conclude that, under the totality of the circumstances, Del Rio's affidavit provided the magistrate with a substantial basis to determine that probable cause existed for the issuance of the blood draw search warrant. *See Rodriguez*, 232 S.W.3d at 60-62; *Gates*, 462 U.S. at 236-38; *Swearingen*, 143 S.W.3d at 810-11. Because Officer Del Rio's affidavit and the search warrant complied with the Fourth Amendment of the United States Constitution, the Texas Constitution, and Article 18.01 of the Code of Criminal Procedure, we hold that the trial court did not err by denying Appellant's motion to suppress. U.S. CONST. AMEND. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01. Issue One is overruled.

## CONCLUSION

We affirm the trial court's judgment.

_____
GUADALUPE RIVERA, Justice

August 15, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

7