COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS


 
 
  
 JAVIER NAVA,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00127-CR
  
 Appeal from the
  
 371st
 District Court
  
 of Tarrant
 County, Texas
  
 (TC#1205243D)
  
 
 


                                                                  O
P I N I O N

Javier Nava appeals his conviction for the
offense of driving while intoxicated (DWI), a third-degree felony.  For the following reasons, we affirm.

                                 FACTUAL AND PROCEDURAL BACKGROUND








Police Officer for the City of Fort Worth, R.
Del Rio, executed a sworn affidavit in support of a search warrant for blood on
July 3, 2010, in which he stated that he had good reason to believe that on or
about July 2, 2010, Appellant committed the offense of operating a motor
vehicle while intoxicated and that the blood from Appellant would constitute
evidence of the commission of the offense. 
In his affidavit, Officer Del Rio stated:

On
Friday, July 02, 2010 at approximately 23:05 hrs, I Officer R. Del Rio #3689,
working T315 observed IMP VEH (1993 Blk Chev PK TX AJ15663) traveling S/B at
3600 Hemphill St without its headlamps activated.  Officer J. Bickley, working J315 also
observed the IMP VEH traveling without its headlamps activated.  I then observed IMP VEH fail to signal a left
lane change from the right lane to the left lane.  IMP VEH had a defective rear license plate
light.  I observed ARR (Arrested Person)
Nava, Javier as the driver of the IMP VEH.

 

Field sobriety evaluation:

Horizontal Gaze Nystagmus (HGN) = 4 of 6

Walk and Turn (WAT) = 2 of 8 clues

One Leg Stand (OLS) = 2 of 4 clues

 

ARR-Nava
refused to give a specimen of his breath. 
ARR has one prior conviction for Driving While Intoxicated
(08/31/2000)-Fort Worth-cause number 0756998000.

 

On July 3, 2010, based upon Officer Del
Rio’s affidavit, a Tarrant County magistrate issued a warrant for Appellant’s
blood and Officer Del Rio took Appellant to have a medical professional draw a sample
of Appellant’s blood.[1]  Appellant was subsequently charged with DWI.  He filed a pretrial motion to suppress the
blood evidence, alleging that the affidavit supporting the search warrant was
wholly insufficient and failed to provide adequate probable cause.  At the suppression hearing, the evidence
consisted solely of Del Rio’s affidavit and the blood-draw search warrant.  The trial court denied Appellant’s
suppression motion stating that while the facts presented in the affidavit and
the search warrant “are very close to insufficient, they are sufficient enough
for probable cause, which is the standard.” 
Appellant subsequently pleaded guilty to the charged offense, the trial
court sentenced Appellant to ten years’ imprisonment, but suspended the
sentence and placed him on community supervision for a period of ten years.  This appeal followed.

DISCUSSION

The
Denial of Appellant’s Motion to Suppress

In a single issue on appeal, Appellant argues
that the trial court erred by denying his motion to suppress because the search
warrant affidavit was legally and factually insufficient to establish probable
cause to justify the issuance of a valid search warrant under the Fourth
Amendment of the United States Constitution, Article I, Section 9 of the Texas
Constitution, and Article 18.01(b)-(c) of the Texas Code of Criminal Procedure.[2]

Standard of Review

We
review a trial court’s ruling on a motion to suppress evidence under a bifurcated
standard of review.  Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  We give almost total
deference to a trial court’s rulings on questions of historical fact and
application of law to fact questions that turn on an evaluation of credibility
and demeanor, but we review de novo application-of-law
to fact questions that do not turn on credibility and demeanor.  Amador,
221 S.W.3d at 673; Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005). 
We also review a trial court’s application of the law of search and
seizure de novo.  State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  But, on appeal, review of an affidavit
supporting a search warrant is not de
novo as we give great deference to the magistrate’s probable cause
determination.  Illinois v. Gates, 462 U.S. 213, 236-37, 103 S.Ct. 2317, 76 L.Ed.2d
527 (1983); Rodriguez v. State, 232
S.W.3d 55, 61 (Tex. Crim. App. 2007) (in accordance with the constitutional
preference for a warrant, a highly deferential standard is applied on appellate
review of the magistrate’s decision to issue a warrant).  As long as the magistrate had a substantial
basis for concluding that probable cause existed, we will uphold the magistrate’s
determination.  Gates, 462 U.S. at 236.

Applicable
Law

Probable
Cause

The
drawing of a blood sample is a search and seizure within the meaning of the
United States and Texas Constitutions.  State v. Dugas, 296 S.W.3d 112, 117-18
(Tex. App. – Houston [14th Dist.] 2009, pet. ref’d).  Therefore, a search warrant must issue before
a blood sample can be drawn.  Id.  No search warrant may issue without
probable cause.  U.S. Const. amend. IV; Tex.
Const. art. I, § 9; Tex. Code
Crim. Proc. Ann. art. 18.01(b) (West Supp. 2012).  A sworn affidavit must set forth sufficient
facts to establish probable cause that:  (1)
a specific offense has been committed; (2) the specifically described property
or items to be searched for or seized constitute evidence of that offense or
evidence that a particular person committed that offense; and (3) that the
property or items constituting evidence are located at or on the particular
person, place, or thing to be searched.  Tex. Code Crim. Proc. Ann. art. 18.01(c)
(West Supp. 2012).  Under the U.S. and
Texas Constitutions, an affidavit in support of a search warrant will be found
sufficient if, considering the totality of the circumstances shown in the
affidavit, the magistrate had a substantial basis for determining that probable
cause existed.  Swearingen v. State, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004);
Nichols v. State, 877 S.W.2d 494, 497
(Tex. App. – Fort Worth 1994, pet. ref’d). 
Probable cause exists if, under the totality of the circumstances
presented to the magistrate in the supporting affidavit, there is a “fair
probability” or “substantial chance” that contraband or evidence will be found
at the identified location.  Flores v. State, 319 S.W.3d 697, 702
(Tex. Crim. App. 2010) (quoting Gates, 462 U.S. at 238, 245 n.13).

The
magistrate’s sole concern should be probability when making a probable cause
determination as the magistrate is not bound by the standards of proof such as
beyond a reasonable doubt or a preponderance of the evidence.  Rodriguez,
232 S.W.3d at 60.  The standard in
determining whether an affidavit established probable cause is flexible and
nondemanding.  Id.  A trial court’s review
of a magistrate’s probable cause determination supporting the issuance of a
search warrant is constrained to the four corners of the affidavit.   Hankins v. State, 132 S.W.3d 380, 388
(Tex. Crim. App. 2004).  The trial court
should review the affidavit in a common sense and realistic manner instead of a
hypertechnical one and can make reasonable inferences from the information
contained within the affidavit.  Rodriguez, 232 S.W.3d at 59, 61; see also Davis v. State, 202 S.W.3d 149,
154 (Tex. Crim. App. 2006) (affidavit must be read with common sense and in a
realistic manner).  In cases of doubt, we
must defer to all reasonable inferences that the magistrate could have
made.  Rodriguez, 232 S.W.3d at 61.

Analysis

            According to Appellant, the affidavit for the
blood-draw search warrant was insufficient to establish probable cause because:
 (1) the affidavit containing the
officer’s observations of Appellant’s driving does not rise to the level of
probable cause for DWI; (2) there was no information in the affidavit
explaining what Appellant’s scores on the field sobriety evaluation mean and
there was no indication as to whether Appellant passed or failed the evaluation
thus, the affidavit was incapable of showing probable cause without requiring
the magistrate to read material into the affidavit; and (3) the affidavit fails
to allege a single fact to support Officer Del Rio’s belief that Appellant’s
blood would contain evidence.

            It is undisputed that Appellant was
pulled over for traffic violations including driving without headlights, failing
to signal a lane change, and having a defective rear license plate light.  Therefore, there was probable cause to stop
Appellant.  Anderson v. State, 701 S.W.2d 868, 873 (Tex. Crim. App. 1985) (an
officer who stops a vehicle driving without headlights did so with probable
cause because the act is a violation of Texas statute).  While the traffic violations alone are not
sufficient to establish probable cause for a DWI offense, we look to the
totality of the circumstances in determining whether probable cause exists.  Gates,
462 U.S. at 283.

Here,
the affidavit states that Appellant refused to give a breath specimen.  The magistrate could have inferred that
Appellant had committed a DWI offense from his refusal to submit a breath
test.  Stovall v. State, --- S.W.3d ----, 2011 WL 5865235, at *7
n.7 (Tex. App. – Austin Nov. 23, 2011, no pet.).  The affidavit also includes a
recitation of the scores of Appellant’s field sobriety evaluation and while it
does not provide an explanation of those scores or a statement from Officer Del
Rio as to whether Appellant failed the evaluation, no further explanation was
required.  See Hogan, 329
S.W.3d at 96-97; Gravitt v. State, 2011
WL 5178337, at *3 (Tex. App. – Dallas Nov. 02, 2011, pet. ref’d) (affidavit is
not rendered inadequate because it fails to detail officer’s DWI training or
experience or the results of standardized field sobriety tests).

Appellant
also argues the affidavit is insufficient because it fails to show that he
consumed alcohol or drugs, therefore the magistrate’s conclusion that he
committed a DWI offense would be a mere ratification of a bare conclusion.  Appellant incorrectly asserts that an
affidavit requires an explanation to the magistrate that Appellant consumed an
intoxicant.  See Hughes v. State, 334 S.W.3d 379, 387 (Tex. App. – Amarillo
2011, no pet.) (because a magistrate can draw logical inferences from an affidavit’s
facts, the affidavit does not have to state how blood draw would constitute
evidence of DWI).  It takes no great leap
of faith or unknown intuitiveness to realize that a magistrate knows that the
blood is being requested to test it for the presence of blood alcohol for use
in a DWI prosecution.  Id. 
Here, Officer Del Rio’s affidavit shows that Appellant was suspected of
a DWI offense, a field sobriety evaluation was conducted, and that Appellant
refused to give a breath sample.  Officer
Del Rio’s affidavit states that the property to be seized was blood, in
Appellant’s possession and control and sets forth Officer Del Rio’s belief that
it would constitute evidence of a DWI.  Accordingly,
the magistrate could have reasonably inferred from the facts within the four
corners of the affidavit that the blood evidence being sought from Appellant
would be tested for alcohol or other intoxicants as evidence that Appellant had
committed a DWI offense.  See id.

Although
Del Rio’s affidavit could have contained more factual observations, the
magistrate was entitled to draw reasonable inferences from the affidavit and
interpret it in a common sense and realistic manner.  Rodriguez,
232 S.W.3d at 59, 61.  Based on Officer
Del Rio’s observations of Appellant’s driving, Appellant’s noted refusal to
submit a breath sample, and the officer’s notes regarding the field sobriety
evaluation set forth in the affidavit, together with reasonable inferences derived
from those facts, and affording deference to the magistrate’s probable cause
determination, we conclude that, under the totality of the circumstances, Del
Rio’s affidavit provided the magistrate with a substantial basis to determine
that probable cause existed for the issuance of the blood draw search warrant.  See Rodriguez,
232 S.W.3d at 60-62; Gates, 462 U.S.
at 236-38; Swearingen, 143 S.W.3d at
810-11. 
Because Officer Del Rio’s affidavit and the search warrant complied
with the Fourth Amendment of the United States Constitution, the Texas
Constitution, and Article 18.01 of the Code of Criminal Procedure, we hold that
the trial court did not err by denying Appellant’s motion to suppress.  U.S.
Const. amend. IV; Tex. Const.
art. I, § 9; Tex. Code Crim. Proc. Ann.
art. 18.01.  Issue One is overruled.

CONCLUSION

We affirm the trial court’s judgment.

 

                                                                        ________________________________________

                                                                        GUADALUPE
RIVERA, Justice

August 15, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
The record does not show that the results of Appellant’s blood test were ever
presented as evidence.

 





[2]
Appellant does not explain how or provide authority to establish that his
protection under the Texas Constitution exceeds or differs from that provided
under the United States Constitution thus, we consider his arguments
together.  See Hogan v. State, 329 S.W.3d 90, 93 n.5 (Tex. App. – Fort Worth
2010, no pet.) (citing Arnold v. State,
873 S.W.2d 27, 33 & n.4 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 830, 115 S.Ct. 103, 130 L.Ed.2d 51 (1994); Garcia v. State, 239 S.W.3d 862, 868 n.3
(Tex. App. – Houston [1st Dist.] 2007, pet. ref’d), cert. denied, --- U.S. ----, 129 S.Ct. 505, 172 L.Ed.2d 371
(2008)).