**Reverse and Remand; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00123-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**JESSICA RUTH MOORE, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB13-50157**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

The State of Texas appeals the trial court's decision to grant appellee Jessica Moore's motion to suppress. In a single issue, the State contends that there were sufficient facts in the search warrant affidavit to provide the issuing magistrate with probable cause for issuing a search warrant so the trial court erred when it granted the motion to suppress. Finding merit in the State's argument, we reverse the trial court order granting the motion to suppress.

### BACKGROUND

On June 27, 2013, Officer Michael Stephens of the Texas Parks and Wildlife Department was conducting water safety inspections on Lake Ray Hubbard. Officer Stephens summarizes one such inspection as follows:

On or about 27 June 2013 at approximately 1000, I was conducting water safety inspections on Lake Ray Hubbard, in Dallas county [*sic*], when I noticed that a

vessel was underway and had the harbor lights on the vessel. As we approached the vessel, a flashlight was used to identify the driver of the vessel who was a white female with blonde hair. There was a male passenger on board as well. During the inspection I observed a package of Budweiser lime flavored beer cans in the floor of the vessel and the smell of alcohol on the defendant. During the water safety inspection, the defendant could not locate the fire extinguisher which was located at her feet and after I pointed out where the extinguisher was located, she could not operate the single plastic buckle in the center of the harness. After she removed the fire extinguisher, she removed the safety pin, and made numerous attempts to place the pin back on the safety slot on the handle of the extinguisher. She was unable to place the safety pin back and I ask [*sic*] for the extinguish [*sic*] and was able to put the pin back in place. During the attempts to insert the safety pin, I was able to smell a strong odor of alcohol from the defendant and was approximately 2 feet away from the defendant during this evolution. At the completion of the water safety inspection the suspect admitted to operating the watercraft and I then asked her how much she had to drink, in which she stated she had one drink. I then asked the suspect if she would perform the Standardized Field Sobriety Test, which she refused. At that time the suspect was transferred to the patrol watercraft and escorted to the Bay view Marina. Once on the shore and during transport to the county jail I again detected the strong smell of alcohol. I placed the suspect under arrest and transported the suspect to the Dallas County Detention Center and was booked for Boating While Intoxicated.[1]

The affidavit also includes the following observations about appellee by Officer Stephens: (1) her clothing was "orderly"; (2) her balance was "normal"; (3) her speech was "normal"; (4) her walking was "heavy footed"; (5) her eyes were "red and watering"; (6) the smell of alcohol on her breath was "strong"; and (7) her attitude was "cooperative." Appellee also refused to provide a sample of her breath or blood. Based upon Officer Stephens's observations and the facts described above and his experience and training, he arrested appellee for Boating While Intoxicated. Officer Stephens then utilized the above-described facts to obtain a search warrant for a blood sample. On June 27, 2013, a magistrate judge determined that probable cause existed for the issuance of a search warrant. Appellee was subsequently arrested for the offense of boating while intoxicated. Appellee filed a motion to suppress the blood test results

---

[1] This information is contained in the Affidavit for Search Warrant to enable Officer Stephens to obtain a blood sample.

and the trial court granted the motion stating that there were not enough facts and circumstances set forth to establish the existence of probable cause to get a warrant for appellee's blood. The State then filed a notice of appeal.

## ANALYSIS

In its sole issue, the State contends that the evidence was sufficient to provide the issuing magistrate with probable cause for issuing a search warrant so the trial court erred when it found the contrary and granted the motion to suppress. We agree.

Under Article 18.01 of the Code of Criminal Procedure, a search warrant may be obtained from a magistrate only after submission of an affidavit setting forth substantial facts establishing probable cause. *State v. Jordan*, 342 S.W.3d 565, 568 (Tex. Crim. App. 2011). Probable cause exists if, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place at the time the warrant is issued. *Id*. at 568–69.

We typically apply a bifurcated standard of review to a trial court's ruling on a motion to suppress by giving almost total deference to the trial court's determinations of fact and reviewing *de novo* the trial court's application of law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). However, where, as here, a motion to suppress is based solely on a magistrate's decision to issue a warrant, there are no credibility determinations to which we must defer because the trial court is constrained to the four corners of the affidavit. *See State v. Webre*, 347 S.W.3d 381, 384 (Tex. App.—Austin 2011, no pet.). Nevertheless, we do not use a *de novo* standard of review; we apply a highly deferential standard to review the magistrate's decision to issue a warrant because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *McLain*, 337 S.W.3d at 271; *see Illinois v. Gates*, 462 U.S. 213, 236 (1983). In doubtful or marginal cases, the magistrate's determination should

prevail. *Hogan v. State*, 329 S.W.3d 90, 94 (Tex. App.—Ft. Worth 2010, no pet.) (citing *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010)). The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners. *Jordan*, 342 S.W.3d at 569. The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Flores*, 319 S.W.3d at 702.

Appellee argues that the affidavit did not provide a substantial basis for the magistrate to find probable cause to issue a search warrant. As an initial matter, appellee contends that the game warden did not have probable cause or reasonable suspicion to stop and inspect the boat. A game warden, however, may randomly stop a boat, board it, and conduct a safety inspection. *See* TEX. PARKS & WILD. CODE ANN. § 31.124 (West 2002); *Schenekl v. State*, 30 S.W.3d 412, 413 (Tex. Crim. App. 2000) (holding that section 31.124 is constitutional in its provision that an officer may stop and board a boat without probable cause or reasonable suspicion to perform a water safety check); *State v. Luxon*, 230 S.W.3d 440, 449 (Tex. App.—Eastland 2007, no pet.) ("Section 31.124(a) authorizes enforcement officers to stop and board boats, without probable cause or reasonable suspicion, for the purpose of performing a water safety check."). In addition to many other items, a game warden's safety inspection may include fire extinguishers. *See* TEX. PARKS & WILD. CODE ANN. § 31.067 (West 2002); *Schenekl*, 30 S.W.3d at 415. Here, the game warden's affidavit stated he stopped appellee's boat to conduct a random safety inspection and then describes his observations of appellee regarding the fire extinguisher when he sought to inspect it. The game warden's stop for a random safety inspection, including the fire extinguisher, is specifically authorized by Texas law. We overrule appellee's first contention.

In regard to the sufficiency of the game warden's affidavit to authorize a blood draw, Officer Stephens stated that (1) he noticed a package of beer cans on the floor of the boat, (2) he

smelled alcohol on the appellee, and (3) the smell of alcohol on her breath was "strong." The affidavit further notes that appellee was unable to locate the fire extinguisher despite the fact that it was located at her feet and then appellee was unable to operate the buckle or replace the pin on the extinguisher. Appellee also admitted to having one drink and refused to perform the standardized field sobriety test. Officer Stephens noted in his affidavit that appellee was "heavy footed" when she walked and her eyes were "red" and "watering." Finally, Officer Stephens stated in his affidavit that he had seen "intoxicated persons on many occasions in the past" and that, "based on all of [his] experience and training," he had determined that appellee was intoxicated. Under the totality of the circumstances and given the deferential standard by which we review—and the trial court should have reviewed—a magistrate's probable cause determination, we conclude that probable cause existed for the issuance of the warrant because the magistrate had a substantial basis for concluding that appellee's blood sample would uncover evidence of her wrongdoing. *See Campos v. State,* 623 S.W.2d 657, 660 (Tex. Crim. App. 1981) (evidence sufficient to demonstrate intoxication where defendant smelled of beer, had "thick-tongued" speech, and was unsteady on his feet); *Kelly v. State*, 413 S.W.3d 164, (Tex. App.—Beaumont 2012, no pet.) (affidavit sufficient to establish probable cause where driver failed to signal, had strong odor of alcohol, slurred speech, unsure in balance, refused some field sobriety tests, and failed the test that was performed); *Foley v. State*, 327 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2010, pet. ref'd) (facts stating that defendant smelled strongly of alcohol, had red and glassy eyes, slurred speech, was geographically disoriented, poor balance and refused to provide a breath or blood sample were sufficient to establish probable cause). Accordingly, we conclude the trial court erred in granting appellee's motion to suppress and we sustain the State's issue.

## CONCLUSION

Having sustained the State's sole issue on appeal, we reverse the trial court's order suppressing the results of appellee's blood test and remand for further proceedings consistent with this opinion.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140123F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00123-CR      V.

JESSICA RUTH MOORE, Appellee

On Appeal from the County Criminal Court No. 2, Dallas County, Texas
Trial Court Cause No. MB13-50157.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 30th day of October, 2014.